[No. 14311.  Department One.  September 10, 1918.]

GEORGE W. TRAHEY *et al., Appellants,* v.
WALTER B. ALLEN *et al., Respondents,*
JAMES W. CARR, *Intervener.*[1]

APPEAL—DECISION—LIMITATIONS—EXTENSION.  Where, on appeal
from a· judgment conditionally quieting title, the time therein lim-
ited to appellant for making payments due expired before the hear-
ing, affirmance will be with the allowance of thirty days for making
the payments.

Appeals from a judgment of the superior court for
Kitsap county, Frater, J., entered December 30, 1916,
in favor of the defendants, in an action to quiet title,
tried to the court.  Affirmed.

*Vince H. Faben,* for appellants.
*Walter B. Allen, in propria persona.*
*James B. Metcalfe,* for respondents Deaver.
*Jas. W. Carr,* for intervener.

MAIN, C. J.—The plaintiffs brought this action for
the purpose of quieting title to three certain lots in the
city of Bremerton.  The defendants Walter B. Allen
and wife answered, claiming that the contract under
which the plaintiffs were in possession of the property
had been forfeited, and praying that the action be dis-
missed and that they be declared to be entitled to the
possession of the property.  James W. Carr intervened,
claiming title through an execution sale.  The other
defendants are not before this court, and no reference
need here be made to them.

The trial resulted in a judgment establishing the
title of Allen and wife, subject to the right of the plain-

[1]Reported in 175 Pac. 30.

tiffs under their contract of purchase, provided they should, within six months after the entry of the judgment, pay the amount due on the contract at that time. The title of Allen and wife was quieted as against the claim of the intervener. From this judgment, the plaintiffs and the intervener appeal.

The facts necessary to an understanding of the question involved may be summarized as follows: On July 31, 1909, Trahey and wife contracted to purchase from James Deaver and wife lots 6, 7 and 8, in block 2, of Coder's addition to the city of Bremerton. The payments upon this contract were to extend over a number of years. Immediately after the execution of the contract, Trahey and wife went into possession of the property. On April 3, 1910, Deaver and wife transferred the property, subject to the contract, to E. J. Brandt, who, on May 14, 1910, conveyed it to Allen. The deed from the Deavers to Brandt was filed for record on May 17, 1910. The deed from Brandt and wife to Allen was filed for record on May 28, 1910. On the last mentioned date, a judgment was entered against Deaver, in an action brought against him by one W. H. Gilkes, for the sum, including costs, of $1,207.90. Subsequent to the entry of the judgment, the property was sold on execution for the sum of $100, and it is to this sale that the intervener traces the title which he claims.

As we view it, the controlling question in the case is whether the title of Mr. Allen is tainted with fraud. If it is not, the judgment should be affirmed; if it is, the judgment cannot be sustained. The trial court apparently entertained the view that the evidence failed to establish the charge of fraud. We have read the record with care, and entertain the same view.

From the facts stated, it appears that the conveyance to Mr. Brandt and, in turn, the conveyance to Allen

were both prior to the date of the entry of the judgment, and since the evidence does not show any fraud in the transaction, the judgment confirming the title of the defendants Allen, subject to the rights of Trahey and wife under their contract, was properly entered.

This judgment contained a provision that Trahey and wife should have six months after the entry thereof in which to meet all payments due up to that time, and if they failed in this, that the title to Allen and wife would be quieted as against them. Since there has been an appeal and the six months specified has long since gone by, it will be directed that Trahey and wife may have thirty days after the remittitur from this court is filed in the superior court in which to make all payments due and unpaid on the contract up to the expiration of such thirty days. In all other respects the judgment will be affirmed.

FULLERTON and PARKER, JJ., concur.